UNITED STATES COURT OF APPEALS
**Filed 11/15/96**
FOR THE TENTH CIRCUIT

SANDRA L. WRIGHT,

     Plaintiff-Appellant,

v.

     No. 96-1015
     (D.C. No. 94-N-1611)
CONTINENTAL AIRLINES
CORPORATION, a Delaware
corporation,

     (D. Colo.)

     Defendant-Appellee.

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

Plaintiff appeals from the district court's grant of defendant's motion for judgment as a matter of law, pursuant to Fed. R. Civ. P. 52(c). Plaintiff brought suit against her employer, Continental Airlines, alleging violations of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12102-12213. After a bench trial, the district court granted judgment as a matter of law, finding that plaintiff had not established a prima facie case by failing to show that she was disabled within the meaning of the ADA. The district court went on to find that, even if plaintiff had established her prima facie case, Continental's failure to reassign plaintiff to fill a vacant position that she claims would have accommodated her disability did not violate the ADA.

On appeal, plaintiff raises two issues. First, she argues that the district court erred in finding that the ADA did not require defendant to reassign plaintiff to a vacant position in preference to a more qualified candidate. Plaintiff also claims error in the district court's refusal, in light of plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 26(a)(2), to allow her expert to testify.

To be entitled to relief under the ADA, plaintiff must show that she is a disabled person within the meaning of that act. White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995). The district court found that plaintiff made no such showing. On appeal, plaintiff does not claim error in the district court's ruling on that prerequisite showing. Because the district court found that plaintiff

failed to show that she was disabled within the meaning of the ADA and, therefore, that she was not qualified for relief under the act, we do not address plaintiff's argument that defendant violated the act when it hired another applicant to fill a vacant position.

Plaintiff maintains that the district court erred in its refusal to allow plaintiff's expert testimony. The district court's action was apparently in the form of a sanction pursuant to Fed. R. Civ. P. 37(c), for plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(2). We review the imposition of sanctions under Rule 37(c) for abuse of discretion. Orjias v. Stevenson, 31 F.3d 995, 1005 (10th Cir.), cert. denied, 115 S. Ct. 511 (1994). The district court was very clear in its oral ruling that plaintiff had failed to comply with the straightforward requirements of Rule 26(a)(2). Further, the district court found that, because of the proximity of the trial date, sufficient prejudice existed. We hold that the district court did not abuse its discretion in granting defendant's motion to strike plaintiff's expert witness.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

John W. Lungstrum
District Judge